# CIVIL COVER SHEET

The ILND 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(See instructions on next page of this form.)*

## I. (a) PLAINTIFFS

## DEFENDANTS

**(b)** County of Residence of First Listed Plaintiff
*(Except in U.S. plaintiff cases)*

County of Residence of First Listed Defendant
*(In U.S. plaintiff cases only)*
Note: In land condemnation cases, use the location of the tract of land involved.

**(c)** Attorneys *(firm name, address, and telephone number)*

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Check one box, only.)*

☐ 1 U.S. Government Plaintiff

☐ 3 Federal Question
   *(U.S. Government not a party.)*

☐ 2 U.S. Government Defendant

☐ 4 Diversity
   *(Indicate citizenship of parties in Item III.)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(For Diversity Cases Only.)*
*(Check one box, only for plaintiff and one box for defendant.)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Check one box, only.)*

### CONTRACT
☐ 110 Insurance
☐ 120 Marine
☐ 130 Miller Act
☐ 140 Negotiable Instrument
☐ 150 Recovery of Overpayment & Enforcement of Judgment
☐ 151 Medicare Act
☐ 152 Recovery of Defaulted Student Loan (Excludes Veterans)
☐ 153 Recovery of Veteran's Benefits
☐ 160 Stockholders' Suits
☐ 190 Other Contract
☐ 195 Contract Product Liability
☐ 196 Franchise

### TORTS
**PERSONAL INJURY**
☐ 310 Airplane
  315 Airplane Product Liability
  320 Assault, Libel & Slander
☐ 330 Federal Employers' Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
  362 Personal Injury - Medical Malpractice

**PERSONAL INJURY**
☐ 365 Personal Injury - Product Liability
☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability
☐ 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

### PRISONER PETITIONS
☐ 510 Motions to Vacate Sentence
☐ 530 General
☐ 535 Death Penalty

**Other:**
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition
  560 Civil Detainee - Conditions of Confinement

### LABOR
☐ 710 Fair Labor Standards Act
☐ 720 Labor/Management Relations
☐ 740 Railway Labor Act
☐ 751 Family and Medical Leave Act
☐ 790 Other Labor Litigation
☐ 791 Employee Retirement Income Security Act

### PROPERTY RIGHTS
☐ 820 Copyright
☐ 830 Patent
☐ 835 Patent - Abbreviated New Drug Application
☐ 840 Trademark
  880 Defend Trade Secrets Act of 2016 (DTSA)

### OTHER STATUTES
☐ 375 False Claims Act
☐ 376 Qui Tam (31 USC 3729 (a))
☐ 400 State Reapportionment
☐ 410 Antitrust
☐ 430 Banks and Banking
☐ 450 Commerce
☐ 460 Deportation
☐ 470 Racketeer Influenced and Corrupt Organizations
☐ 480 Consumer Credit
☐ 485 Telephone Consumer Protection Act (TCPA)
☐ 490 Cable/Sat TV
☐ 850 Securities/Commodities/ Exchange
☐ 890 Other Statutory Actions
☐ 891 Agricultural Arts
☐ 893 Environmental Matters
☐ 895 Freedom of Information Act
☐ 896 Arbitration
☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision
☐ 950 Constitutionality of State Statutes

### REAL PROPERTY
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
  290 All Other Real Property

### CIVIL RIGHTS
☐ 440 Other Civil Rights
☐ 441 Voting
☐ 442 Employment
  443 Housing/Accommodations
☐ 445 Amer. w/ Disabilities- Employment
☐ 446 Amer. w/Disabilities - Other
☐ 448 Education

### BANKRUPTCY
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

### IMMIGRATION
☐ 462 Naturalization Application
☐ 463 Habeas Corpus – Alien Detainee (Prisoner Petition)
☐ 465 Other Immigration Actions

### FORFEITURE/PENALTY
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 690 Other

### SOCIAL SECURITY
☐ 861 HIA (1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g))
☐ 864 SSID Title XVI
☐ 865 RSI (405(g))

### FEDERAL TAXES
☐ 870 Taxes (U.S. Plaintiff or Defendant
☐ 871 IRS—Third Party 26 USC 7609

## V. ORIGIN *(Check one box, only.)*

☐ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from Another District (specify)
☐ 6 Multidistrict Litigation - Transfer
☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION ( Enter U.S. Civil Statute under which you are filing and write a brief statement of cause.)

## VII. PREVIOUS BANKRUPTCY MATTERS (For nature of suit 422 and 423, enter the case number and judge for any associated bankruptcy matter previously adjudicated by a judge of this Court. Use a separate attachment if necessary.)

## VIII. REQUESTED IN COMPLAINT:
☐ Check if this is a **class action** under Rule 23, F.R.CV.P.

Demand $

CHECK Yes only if demanded in complaint:
Jury Demand: ☐ Yes   ☐ No

## IX. RELATED CASE(S) IF ANY *(See instructions):*   Judge ___   Case Number ___

## X. Is this a previously dismissed or remanded case?   ☐ Yes   ☐ No   If yes, Case # ___   Name of Judge ___

Date: _____

Signature of Attorney of Record _____

## INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority for Civil Cover Sheet

The ILND 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a)** **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use
**(b)** **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the
**(c)** **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.** **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X"
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

**III.** **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.** **Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

**V.** **Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

**VI.** **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service

**VII.** **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.** **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| MARTHA VILLASENOR, DDS | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.: 25-CV-3228 |
| | ) | |
| DENTAL 360 @ BERWYN, LLC, an Illinois | ) | |
| limited liability company, and NORMAN | ) | |
| JUNEJO, an individual, | ) | |
| | ) | |
| Defendants. | ) | |

**COMPLAINT**

Plaintiff, MARTHA VILLESENOR, DDS ("Plaintiff"), by and through her attorneys, MITCHELL S. CHABAN and RYAN MANION, of LATIMER LEVAY FYOCK, LLC, by and for her complaint against DENTAL 360 @ BERWYN, LLC, an Illinois limited liability company ("Dental 360"), and NORMAN JUNEJO ("Junejo"), an individual (collectively referred to herein as "Defendants"), states:

**NATURE OF PLAINTIFF'S CLAIM**

1.      This lawsuit arises under the (i) Fair Labor Standards Act, 29 USC §201 *et seq.* ("FLSA"), (ii) Illinois Wage Payment and Collection Act 820 ILCS 115 *et seq.* ("IWPCA"), and (iii) Illinois Minimum Wage Law, 820 ILCS 105/1, *et. seq.* ("IMWL") for failure to pay Plaintiff wages for work Plaintiff performed in April 2024.

**THE PARTIES**

2.      Plaintiff resides and is domiciled in this judicial district.

3.      Plaintiff is a former employee of Defendants.

4.      Plaintiff, a licensed dentist, was hired by Defendants to perform dentistry in the dental offices that Defendants operate.

Page 1 of 8

5.     Defendant Dental 360 is located at 7039 W. Roosevelt Road, Berwyn, Illinois 60601 and was Plaintiff's "employer," as that term is defined by the FLSA, 29 U.S.C. §203, the IWPCA, 820 ILCS 115/2, and the IMWL, 820 ILCS 105/3(c).

6.     Defendant Junejo is a Director at Dental 360.

7.     Among other things, Defendant Junejo had the authority to direct and supervise the work of employees, the authority to sign the business's checking accounts and make payments through the business to employees, the authority to hire and fire employees, and the authority to make decisions regarding employee compensation and capital expenditures.

8.     Defendant Sabbar is Plaintiff's "employer" as that term is defined in the FLSA (29 U.S.C. 203(d)), IWPCA (820 ILCS 115/2), and IMWL (820 ILCS 105/3(c)).

9.     Defendant Junejo resides and is domiciled in this judicial district.

## JURISDICTION AND VENUE

10.     This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 USC §1331, arising under 29 USC §216(b). This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 USC §1367.

11.     Venue is proper in this judicial district as the facts and events giving rise to Plaintiff's claims occurred in this judicial district.

## FACTUAL ALLEGATIONS

12.     Defendant Dental 360 operates a dental office. Dental 360 hired Plaintiff as a dentist in or around June 2023.

13.     Plaintiff and Defendants entered into an oral agreement whereby Defendants agreed to pay Plaintiff the greater of Seven Hundred Fifty and 00/100 Dollars ($750.00) per day or Thirty-Five Percent (35%) of her daily production (the "Agreement").

14.     Plaintiff worked for Defendants from about June 2023 through June 2024.

15.     In April 2024, Plaintiff worked for Defendants for twelve (12) days. Pursuant to the terms of the Agreement, Defendants owes Plaintiff Nine Thousand and 00/100 Dollars ($9,000.00) for work Plaintiff performed in April 2024.

16.     On May 15, 2024, Defendants issued a check to Plaintiff in the amount of Nine Thousand and 00/100 Dollars ($9,000.00) as and for payment for Plaintiff's work in April 2024 (the "May 15th Check"). A true and correct copy of the May 15th Check is attached hereto and identified as **Exhibit 1**.

17.     Plaintiff attempted to deposit the May 15, 2024, but the check was returned due to insufficient funds. See Exhibit 1.  Despite Plaintiff's repeated requests for payment of her wages, Defendants have failed and refuse to pay Plaintiff.

18.     Plaintiff worked for Defendants on May 3, 6, 10, 13, 20, 21, 22, 28, and 29, 2024, and June 4, 5, 10, 2024. Presuming that Plaintiff earned the $750.00 daily minimum for each of these days, Defendants owe Plaintiff at least Nine Thousand and 00/100 dollars ($9,000.00). Defendants have failed and refuse to pay Plaintiff.

**CAUSES OF ACTION**

**COUNT I**
**VIOLATION OF THE FAIR LABOR STANDARDS ACT**
**FAILURE TO PAY OVERTIME WAGES**

19.     Plaintiff hereby realleges and incorporates paragraphs 1 through 18 of this complaint, as if fully set forth herein.

20.     This count arises from Defendants violation of the FLSA 29 U.S.C. §201, *et seq.*, for Defendants' failure to pay wages to Plaintiff.

21.     Plaintiff worked for Defendants as an "employee" as defined by §3(e)(1) of the FLSA, 29 U.S.C. §203(e)(1).

22.     Defendants were Plaintiff's "employer" within the meaning of §3(d) of the FLSA, 29 U.S.C. §3(d).

23.     Plaintiff was directed by Defendants to work, and did perform work in April 2024 for which Plaintiff has not been compensated.

24.     Given Defendants' ongoing refusal to pay Plaintiff wages that Defendants admittedly owe, Defendants' failure to pay Plaintiff wages for work she performed constitutes a willful violation of the FLSA, 29 U.S.C. §207.

WHEREFORE, Plaintiff prays for a judgment against Defendants as follows pursuant to 29 USC § 216:

A.  For wages earned and unpaid in an amount to be proven at trial; and

B.  Double the dollar amount of unpaid wages; and

C.  $10,000 fine; and

D.  Reasonable attorneys' fees and costs; and

E.  Such other and further relief as this Court deems appropriate.

## COUNT II
## VIOLATION OF THE ILLINOIS WAGE PAYMENT AND COLLECTIONS ACT – FAILURE TO PAY OVERTIME WAGES

25.     Plaintiff hereby realleges and incorporates paragraphs 1 through 18 of this complaint, as if fully set forth herein.

26.     This count is brought pursuant to 820 ILCS 115/1 *et. seq.*

27. The IWPCA permits an employee to recover from his or her employer unpaid or improperly withheld wages, plus interest and any costs and attorneys' fees associated with prosecuting a cause of action under the Act. *See* 820 ILCS 115/1 *et. seq.*

28. Plaintiff was an "employee" as defined by the IWPCA in that she worked by and under Defendants' control and performed work at the direction of Defendants.

29. Plaintiff performed compensable work for Defendants.

30. Plaintiff was required to work hours set by Defendants.

31. Defendants meet the definition of "employer" as defined under the IWPCA as they acted in their own interests in relation to Plaintiff during the relevant time. 820 ILCS 115/2.

32. The IWPCA provides that "[a]ll wages earned by any employee during a semi-monthly or bi-weekly pay period shall be paid to such employee not later than 13 days after the end of the pay period in which such wages were earned." 820 ILCS 115/4.

33. An employee who is not timely paid wages under the IWPCA is entitled to recover through a civil action the amount of underpayment, and damages of 5% of the amount of any such underpayments for each month following the date of payment during which such underpayments remain unpaid. 820 ILCS 115/14.

34. In a civil action, the IWPCA provides that the employee shall also recover costs and all reasonable attorneys' fees. *Id.*

35. Plaintiff performed work for Defendants in April 2024 for which Defendants agreed to pay her Nine Thousand and 00/100 Dollars ($9,000.00).

36. Defendants issued the May 15th Check to Plaintiff as payment for her work in April 2024, but the May 15th Check was returned due to insufficient funds. See Exhibit 1.

Despite Plaintiff's repeated requests for payment, Defendants have failed and continue to refuse to pay Plaintiff her wages.

37.     Plaintiff performed work for Defendants in May and June 2024 for which Defendants agreed to pay her at least Nine Thousand and 00/100 Dollars ($9,000.00). Despite Plaintiff's repeated requests for payment, Defendants have failed and continue to refuse to pay Plaintiff her wages.

38.     Pursuant to the IWPCA, Defendants are liable to Plaintiff for the unpaid wages, 5% per month interest on the unpaid compensation since such payments were due, plus attorneys' fees and costs.

WHEREFORE, Plaintiff prays for a judgment against Defendants as follows:

A.  For wages earned and unpaid in an amount to be proven at trial; and

B.  Interest on the unpaid compensation at the rate of 5% per month from the date on which such compensation was owed through and including the date of payment; and

C.  Reasonable attorneys' fees and costs pursuant to 820 ILCS 115/14(a); and

D.  Such other and further relief as this Court deems appropriate.

### COUNT III
### VIOLATION OF THE ILLINOIS MINIMUM WAGE LAW
### FAILURE TO PAY OVERTIME WAGES

39.     Plaintiff hereby realleges and incorporates paragraphs 1 through 18 of her complaint, as if fully set forth herein.

40.     This count is brought pursuant to 820 ILCS 105/1 *et. seq.*

41.     The IMLW permits an employee to recover from his or her employer unpaid or improperly withheld wages, plus treble the amount of such underpayments together with costs, reasonable attorney fees, and damages of 5% of the amount of any such underpayment for each

month following the date of payments during which such underpayments remain unpaid. *See* 820 ILCS 105/12(a).

42.     Plaintiff was an "employee" as defined by the IMWL in that she worked by and under Defendants' control and performed work at the direction of Defendants.

43.     Plaintiff performed compensable work for Defendants.

44.     Plaintiff was required to work hours set by Defendants.

45.     Defendants are an "employer" as defined under the IMWL as they acted in their own interests in relation to Plaintiff during the relevant time.

46.     The IMWL, in pertinent part, provides that "from January 1, 2024 through December 31, 2024, every employer shall pay to each of his or her employees who is 18 years of age or older in every occupation wages of not less than $14 per hour."  815 ILCS 105/4(a).

47.     "If any employee is paid by his employer less than the wage to which he is entitled under the provisions of this Act, the employee may recover in a civil action treble the amount of any such underpayments together with costs and such reasonable attorney's fees as may be allowed by the Court, and damages of 5% of the amount of any such underpayments for each month following the date of payment during which such underpayments remain unpaid." 820 ILCS 105/12(a).

48.     In a civil action, the IMWL provides that the employee shall also recover costs and all reasonable attorneys' fees. *Id*.

49.     Plaintiff performed work for Defendants in April 2024 for which Plaintiff has not been compensated. Defendants' failure and refusal to pay Plaintiff wages for work performed in April 2024 violates the IMWL.

50.     Plaintiff performed work for Defendants in May and Ju 2024 for which Plaintiff has not been compensated. Defendants' failure and refusal to pay Plaintiff wages for work performed in May and June 2024 violates the IMWL.

51.     Pursuant to the IMWL, Defendants are liable to Plaintiff for the unpaid wages, treble the dollar amount of the unpaid wages, 5% per month interest on the unpaid compensation since the dates such compensation has been owed, plus attorneys' fees and costs.

WHEREFORE, Plaintiff prays for a judgment against Defendants as follows:

A.  For wages earned and unpaid in an amount to be proven at trial; and

B.  Treble the amount of unpaid wages owed to Plaintiff; and

C.  Interest on the unpaid compensation at the rate of 5% per month from the date on which such compensation was owed through and including the date of payment; and

D.  Reasonable attorneys' fees and costs pursuant to 820 ILCS 115/14(a); and

E.  Such other and further relief as this Court deems appropriate.

### JURY DEMAND

Plaintiff demands a trail by jury on all eligible claims.

Respectfully submitted,

MARTHA VILLASENOR, Plaintiff

By:     */s/ Mitchell S. Chaban*
               One of her attorneys

Mitchell S. Chaban - 6226668
*mchaban@llflegal.com*
LATIMER LEVAY FYOCK
Attorneys for Plaintiff
55 West Monroe Street, Suite 1100
Chicago, Illinois 60603
Telephone: 312-422-8000
Facsimile: 312-422-8001

 **OLD NATIONAL BANK**

Old National Bank
P.O. Box 11010
Evansville, IN 47701

Date: 05/23/24

The following deposited item was returned and charged to your account for the reason indicated. Be sure to deduct all amounts listed from your check register.

**MARTHA C VILLASENOR-IBSEN**
**715 CITADEL DR**
**WESTMONT IL 60559-5510**

| **ACCOUNT** | **RETURN REASON** | **CHECK AMOUNT** |
|---|---|---|
| 7104131417 | NSF - Not Sufficient Funds | 9,000.00 |

As permitted by Federal Law under the Check 21 Act the original check has been replaced with a substitute check (Image Replacement Document).

What are my rights regarding substitute checks? - In certain cases federal law provides a special procedure that allows you to request a refund for losses you suffer if a substitute check is posted to your account. The losses you may attempt to recover under this procedure may include the amount that was withdrawn from your account and fees that were charged as a result of the withdrawal. The amount of your refund under this procedure is limited to the amount of your loss or the amount of the substitute check whichever is less. You are entitled to interest on the amount of your refund if your account is an interest-bearing account. If your loss exceeds the amount of the substitute check you may be able to recover additional amounts under other law.

How do I make a claim for a refund? - If you believe you have suffered a loss relating to a substitute check that you received and that was posted to your account please contact us at 1-800-731-2265 or write to us at Old National One Main Street Evansville IN 47708. You must contact us within 60 calendar days of the date that we mailed (or otherwise delivered by a means to which you agreed) the substitute check in question or the account statement showing that the substitute check was posted to your account whichever is later. We will extend this time period if you were not able to make a timely claim because of extraordinary circumstance.



**EXHIBIT 1**